STATE OF NORTH CAROLINA EX REL. UTILITIES COMMISSION; THE PUBLIC STAFF v. PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC., AND PIEDMONT NATURAL GAS COMPANY, INC.

No. 8110UC545

(Filed 16 March 1982)

**Gas § 1; Utilities Commission § 22— natural gas rates—refunds to customers**

The Utilities Commission erred in ordering natural gas companies to pass refunds received from their supplier to their present customers since G.S. 62-136(c) requires that refunds be made to the customers who paid the charges and that these refunds be contingent upon practicability, the charges in question related to periods of ten to twenty-three years prior to the supplier refunds, and it would be impracticable to determine the identity of those customers to whom refunds might be due.

APPEAL by respondents from N. C. Utilities Commission. Order entered 21 January 1981. Heard in the Court of Appeals 28 January 1982.

This is an appeal from an order requiring five natural gas companies to pass refunds received from their supplier to their customers.

Evidence presented by the Public Staff of the Utilities Commission showed that the natural gas supplier for the State, Transco, was required by the federal government in 1978 to make substantial refunds to its customers, including respondents. Respondents did not pass all of these refunds through to their customers, but credited some of them so as to benefit the companies' stockholders by subtracting the funds from the cost of gas supplies for the year 1978. The Public Staff argued that this was improper and that the full amount should be passed through to the gas companies' customers, citing G.S. 62-133(f) as the applicable statute. The Commission refused to apply G.S. 62-133(f), a statute relating to rate increases for the purpose of offsetting supplier increases, but construed G.S. 62-136(c), the statute applicable to customer refunds, to require the refunds in this case. The judgment required that payment of said refunds be made to the gas companies' present customers. Two of the respondent gas companies appealed.

*Public Staff of the N. C. Utilities Commission, by Chief Counsel Robert F. Page and G. Clark Crampton, for intervenor appellee.*

*Boyce, Morgan, Mitchell, Burns & Smith, by F. Kent Burns, for defendant appellant Public Service Co. of N. C., Inc.*

*Brooks, Pierce, McLendon, Humphrey & Leonard, by Jerry W. Amos, for defendant appellee Piedmont Natural Gas Co., Inc.*

ARNOLD, Judge.

Respondents bring forth a number of assignments of error and challenge the sufficiency of the evidence to fulfill any one of the three statutory requirements set forth in G.S. 62-136(c). The statute provides that the Commission may require supplier refunds to be passed through to gas customers where three prerequisites are met. These are: (1) that the refund be prac-

ticable, (2) that the charges have been included in rates paid by the customers, and (3) that the company has had a reasonable rate of return exclusive of the refund. If all of these requirements are met, the company may be ordered "to distribute said refund among said customers in proportion to their payment of the charges refunded." G.S. 62-136(c).

It is argued by respondents that the statutory language clearly requires that it must be practicable to make the refunds to the customers who paid the charges, and that the Commission's award to current customers of the gas companies was error.

The Public Staff defends the Commission's award as being consistent with the Commission's established policy. While we might be persuaded by prior policy if the statute were found to be ambiguous, such policy is impliedly overruled to the extent that it is inconsistent with the clear wording of a subsequent statute. Here, the wording of the statute clearly requires that refunds be made to the customers who paid the charges, and that these refunds be contingent upon practicability.

Determination of the identity of those customers to whom refunds might be due here, and of the relative proportion of their interests, in our view, would be impracticable since the charges in question relate to periods ranging from ten- twenty-three years prior to the supplier refunds. Therefore, one of the statutory prerequisites is unfulfilled, no refund is called for, and the Commission's contrary conclusion was erroneous.

We find it unnecessary to discuss the remaining assignments of error since our holding on the first argument requires that the judgment of the Commission be reversed.

Reversed.

Judges CLARK and WHICHARD concur.